IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KEVIN JOSEPH GABRIEL BRENNAN,

        Plaintiff,              Civil Action No.
                                       3:17-CV-0122 (DNH/DEP)

    v.

BROOME COUNTY, NEW YORK
and ROBERT BEHNKE,[1] Broome
County Attorney,

        Defendants.
_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

KEVIN JOSEPH GABRIEL BRENNAN
319 Exchange Avenue
Townhouse #20
Endicott, NY 13760

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

---

[1] In both his original and amended complaints, plaintiff incorrectly spelled defendant Behnke's name as "Benke." Dkt. No. 1 at 2; Dkt. No. 4 at 1. The clerk is respectfully directed to adjust the court's records to reflect the correct spelling of this defendant's last name.

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Kevin Joseph Gabriel Brennan has commenced this action against Broome County, New York ("Broome County"), and the Broome County Attorney, Robert Behnke, Esq., alleging violations of the Americans With Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*[2] Plaintiff's complaint and accompanying request for leave to proceed *in forma pauperis* ("IFP"), as well as his subsequently filed amended complaint and amended IFP application, have been forwarded to me for review. Based upon my consideration of those materials, I will (1) grant plaintiff's IFP application, (2) recommend dismissal of his claims against defendant Behnke, and (3) recommend that his amended complaint otherwise be accepted for filing.

I.  BACKGROUND

Plaintiff commenced this action on February 3, 2017, and filed an amended complaint as a matter of right on February 14, 2017. Dkt. Nos. 1, 4. In his complaint, as amended, plaintiff alleges that he is disabled, and that the entrance doors of the George Harvey Justice Building, which

---

[2]  In the caption portion of his complaint and amended complaint, plaintiff lists Broome County as the sole defendant. Dkt. No. 1 at 1; Dkt. No. 4 at 1. In the bodies of those pleadings, however, when asked to list the parties to the suit, plaintiff names only Behnke. Dkt. No. 1 at 2; Dkt. No. 4 at 1. Notwithstanding the confusion, in deference to his *pro se* status, the court has considered plaintiff's amended complaint, which is the currently operative pleading, as naming both the County and Behnke as defendants.

houses the Broome County Probation Department, and the Broome County Office Building are not handicap accessible. Dkt. No. 4 at 3. Based upon that factual allegation, plaintiff asserts claims under Title II of the ADA against defendants Broome County and Behnke. *See generally* Dkt. No. 4. As relief, plaintiff seeks an order directing defendant Broome County to remediate the violation and awarding damages to plaintiff in the amount of $100,000 "per intentional infraction" and $50,000 "for his service." *Id.* at 5.

Plaintiff's original complaint was accompanied by an application for leave to proceed without prepayment of fees. Dkt. No. 2. That application has since been amended. Dkt. No. 5. Plaintiff's amended application, which is signed and notarized, sets forth basic information concerning his sources of income and expenses. *Id.*

II. DISCUSSION

    A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[3] A court is authorized, however, to permit a litigant to proceed

---

[3] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an

3

IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff satisfies the requirements for IFP status, his amended motion for leave to proceed without prepayment of fees, Dkt. No. 5, is granted.[4] Plaintiff's original motion for leave to proceed IFP, Dkt. No. 2, is denied as moot.

    B.    Sufficiency of Plaintiff's Amended Complaint

        1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his amended complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]    Plaintiff is reminded that, although his application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

4

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

5

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

Although there is passing reference to the United States Constitution in its introductory paragraph, the sole substantive claim set forth in plaintiff's amended complaint arises under Title II of the ADA. *See generally* Dkt. No. 4. As was previously noted, plaintiff's amended complaint appears to evince his intention to name both Broome County and Broome County Attorney Behnke as defendants. *Id.*

Plaintiff's claim against defendant Behnke is not cognizable because it is well established that individual liability does not exist under the ADA. *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010); *Balgley v.*

7

*N.Y.C. Health & Hosps. Corp.*, No. 14-CV-9041, 2017 WL 95114, at *3 (S.D.N.Y. Jan. 10, 2017); *Rosa v. Dibble*, No. 03-CV-0873, 2004 WL 1071143, at *2 (W.D.N.Y. May 11, 2004). Accordingly, I recommend dismissal of plaintiff's ADA claims against defendant Behnke.

As for plaintiff's remaining claims asserted against defendant Broome County, in light of the court's obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiff's amended complaint should be accepted for filing and defendant Broome County be required to respond in accordance with the local rules of practice for this court and the Federal Rules of Civil Procedure. The court expresses no opinion concerning whether plaintiff's ADA claims against defendant Broome County can survive a properly filed motion to dismiss or motion for summary judgment, or whether he may prevail at trial.

C.  Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp.

986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

    In this instance, the deficiencies identified in this report with respect to plaintiff's ADA claims asserted against defendant Behnke are substantive in nature and extend beyond the mere sufficiency of plaintiff's amended complaint. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile, I recommend against granting him leave to amend.

III. SUMMARY, ORDER, AND RECOMMENDATION

Having reviewed plaintiff's amended application for leave to proceed in this action IFP, I conclude that he has met the applicable requirements for leave to proceed without prepayment of fees, and will therefore grant his application. Turning to the merits of his amended complaint, to the extent that it names Broome County as a defendant and alleges a violation of the ADA on the part of the County, I conclude that that claim is not subject to dismissal at this procedural juncture. I recommend a finding, however, that plaintiff's claim against defendant Robert Behnke is legally deficient and subject to dismissal, and that plaintiff should not be permitted leave to amend with respect to that claim. Accordingly, it is hereby

ORDERED that plaintiff's amended application for leave to proceed in this action without prepayment of fees (Dkt. No. 5) is GRANTED; and it is further

ORDERED that plaintiff's original application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is DENIED as moot; and it is further

ORDERED that the clerk is respectfully directed to adjust the court's records to reflect the correct spelling of defendant Behnke's name, and it is further respectfully

RECOMMENDED that plaintiff's claims in this action against defendant Robert Behnke be DISMISSED, without leave to replead, and that plaintiff be permitted to proceed with his claims against Broome County.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further hereby ORDERED, in the event this report and recommendation is adopted, as follows:

(1) The clerk of the court shall issue a summons and forward it with copies of the amended complaint to United States Marshal, along with a packet containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon defendant Broome County.

---

[5] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

(2) The clerk is directed to schedule a Rule 16 conference.

(3) Subsequent to service of process on defendant Broome County, defendant or its counsel shall file a formal response to plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure.

(4) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the local rules of practice for this court in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or**

**their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action;** and it is further

ORDERED that the clerk of the court shall serve a copy of this order on plaintiff in accordance with the local rules.

Dated:    May 2, 2017
             Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge